RAMÓN LÓPEZ, peticionario y apelado, *v.* ALCALDE y ASAMBLEA MUNICIPAL DE NAGUABO, demandados y apelantes.

Núm. 7317—*Sometido:* Noviembre 12, 1937. *Resuelto:* Diciembre 8, 1937.

*Faustino R. Aponte,* abogado de los apelantes; *Angel Fernández Ortiz,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Ramón López radicó una petición de *certiorari* ante la Corte de Distrito de Humacao, en la que alegaba sustancialmente que había trabajado como Secretario-Auditor del Municipio de Naguabo desde julio 1, 1934 a enero 31, 1935; que en el presupuesto correspondiente al año fiscal 1934–35, aprobado en mayo 28, 1934, se le fijó un sueldo de $960 por año; que en abril 12, 1935, la Asamblea Municipal aprobó una ordenanza (núm. 16) sustituyendo o enmendando el presupuesto original y dándole expresamente efecto retroactivo a partir de julio 1°. 1934; que por esta ordenanza el sueldo del peticionario fué reducido a $600 por año y que este proceder de la Asamblea Municipal era enteramente nulo a tenor de la Ley Municipal en vigor. Incidentalmente, podría decirse que los sueldos de otros funcionarios municipales fueron igualmente rebajados.

La corte inferior expidió el auto de *certiorari* y luego de una vista, resolvió que la ordenanza que aumentaba el presupuesto era nula en tanto en cuanto rebajaba el sueldo del peticionario. El razonamiento de la corte inferior se basó en parte en la proposición de que la supuesta rebaja tuvo lugar después de haberse prestado los servicios al Municipio en la forma prevista en el presupuesto, y en su consecuencia que el sueldo devengado se había convertido en un derecho adquirido. La otra autoridad invocada por la corte fueron las disposiciones de la Ley Municipal misma, conforme veremos.

■ Se señalan dos errores. El primero suscita la cuestión relativa a la validez del presupuesto aprobado en mayo, 1934, toda vez que el mismo no fué referido al Contador Insular para su aprobación. Esta cuestión nunca estuvo claramente ante la corte inferior, nunca fué tratada en las alegaciones y nada hay en los autos que demuestre que jamás se hiciera la más ligera indicación sobre este punto. *Non constat* que el Auditor no interviniera. La presunción es que la ley se ha cumplido. Bajo las circunstancias, creemos que esta corte no debe entrar a considerar este señalamiento.

El segundo error lee así:

"La Corte de Distrito de Humacao erró al declarar nula la ordenanza núm. 16 aprobada en 15 de abril de 1935 por la Asamblea Municipal de Humacao."

La sección 34 de la Ley Municipal de 1928 (Ley Núm. 53, Leyes de 1928, págs. 335, 365) dispone:

"Los funcionarios administrativos y empleados permanentes del municipio tendrán y se les pagará, como única compensación, los sueldos que se les fijare en cada presupuesto, los cuales no podrán ser aumentados ni disminuídos en el transcurso del año económico."

La sección arriba citada no presenta posibilidad alguna para un mal entendido. Sus preceptos están claramente expresados. A menos que el municipio apelante pueda ofrecer otros argumentos convincentes, el caso es uno de *lex scripta*, y la decisión de la corte inferior debe ser confirmada. Consideremos las contenciones aducidas en el alegato de los demandados.

Los apelantes sostienen que el artículo 34 supra, debe ser interpretado en armonía con el artículo 42 de la misma ley que fija el orden de prioridad existente entre ciertas asignaciones del presupuesto. La sección lee así:

"Los municipios no podrán asignar en sus presupuestos cantidad alguna para el pago de sueldos, sin que antes se hayan consignado por su orden los créditos necesarios para las siguientes atenciones:

"(a) Deudas por capital e intereses vencidos o que hubieren de vencerse dentro del año económico para el cual se forma el presupuesto, que no tenga fondos especialmente asignados para su amortización, mediante contribución especial;

"(b) Cualquier déficit que resultare en las operaciones de años anteriores, o gastos a que estuviere legalmente obligado el municipio por contratos ya celebrados o por otras causas y todos los pagos o reembolsos por concepto de sentencias firmes dictadas contra el municipio por cualquier tribunal competente;

"(c) Beneficencia pública;

"(d) Instrucción pública;

"(e) Obras Públicas;

"(f) Servicio de incendios, policía y cárcel;

"(g) Conservación de obras y edificios municipales."

El municipio sostiene en este caso que debido a que diversas obligaciones ya vencidas no fueron incluídas en el presupuesto original de 1934–35, la fijación de los varios sueldos fué nula. Un lector cuidadoso verá que la disposición arriba enunciada sólo se refiere a las "asignaciones para el pago de sueldos", y nada tiene que ver con la "fijación" de tales sueldos. Podría suceder que el sueldo del peticionario no pudiera pagarse hasta que se satisfagan las otras obligaciones provistas por el artículo 42, más ésa no es la cuestión legal que está ante nos.

El argumento de que la rebaja fué general en su naturaleza y que se hizo extensiva a todos los empleados cuyos emolumentos mensuales excedían de $30, no es respuesta suficiente al mandato legislativo contenido en la sección 34, supra. La cuestión de discriminación no desempeña papel alguno en este caso.

La última contención de los apelantes es que una "ordenanza" no es una "ley", y que por tanto no viola la sección 34. Citan un caso de Pensilvania que fué directamente resuelto en la teoría de que una ordenanza no es una ley en forma tal que pueda violar una prohibición constitucional al efecto de que *"ninguna ley* prorrogará el término de ningún funcionario público, ni aumentará o disminuirá su sueldo, etc. . . ." La prohibición legislativa en el caso que está ante nos no se limita a *leyes* sino que es general en su contexto. Somos además del criterio de que una ordenanza es una ley local y el único medio de que se puede valer un municipio para legislar. En lo que a un municipio y un empleado suyo se refiere, tiene fuerza de ley.

Es cierto, según alegan los apelantes, que el municipio tiene discreción absoluta para fijar un sueldo, pero una

vez que éste se ha fijado por el presupuesto, tal discreción cesa, por lo menos hasta el siguiente año.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Señor Del Toro está conforme con el resultado.

El Juez Asociado Señor Córdova Dávida no intervino.